# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-21385-GAYLES

WALLACE C. JONES, JR.,

      **Plaintiff,**

v.

SABRENA PAYNE, DINA KOONCE,
and KARELL LAW,

      **Defendants.**

_____/

### <u>ORDER</u>

    **THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss Plaintiff's Amended 42 U.S.C. § 1983 Civil Rights Complaint ("Amended Complaint") [ECF No. 39]. The Court previously dismissed Plaintiff's Complaint because it was a shotgun pleading and granted Plaintiff leave to replead. [ECF No. 36]. Plaintiff filed his Amended Complaint on April 4, 2019. [ECF No. 37]. Defendants now move for dismissal on the same grounds.

    To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). The Court must also apply the "liberal

construction to which pro se pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

Plaintiff's Amended Complaint fails to comply with the Federal Rules of Civil Procedure, to which all litigants—including those who are pro se—are bound. *See Alban v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of pro se litigants, we nevertheless have required them to conform to procedural rules.") (internal citation and quotation omitted). Specifically, Plaintiff's Amended Complaint does not provide "a short and plain statement of the claim showing that the pleader is entitled to relief," which would give the Court and Defendants notice of Plaintiff's claims. Fed. R. Civ. P. 8(a)(2). It also fails to limit each numbered paragraph "to a single set of circumstances" or tie the alleged facts to the specific legal theories. *Id.* 10(b).

Plaintiff's Amended Complaint is also a shotgun pleading. A district court has the obligation to identify and dismiss a "shotgun" pleading. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126–27 (11th Cir. 2014). One type of shotgun pleading "is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–22 (11th Cir. 2015). Another type "commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. Plaintiff's Amended Complaint does both. First, it includes conclusory and vague facts and fails to specify the causes of action to which they attach. *See, e.g.*, [ECF No. 37 ¶ 21 (noting that it was a "deprivation" of Plaintiff's rights when "Sabrena Payne . . . subject[ed] plaintiff to rebutting argument"); ¶ 22 (noting that Sabrena Payne was "unprofessional and

argumentive [sic] with plaintiff [and] refused to address his concerns of the unjustified physical act [upon his daughter] . . .")]. Second, it does not allege distinct causes of action; instead, it improperly lumps together factual allegations and legal conclusions. *See, e.g.*, [*Id.* ¶ 4 ("It was a[n] absolute deprivation of minor Amend. 4-th [sic] right to be free from unreasonable seizure when Karell Law, at the end of [the] school day subject[ed] her to [a] physical manual hold for her whispering with a boy student in [an] earlier class."); ¶ 14 ("Karell Law, inflicted some hellava [sic] mental anguish and emotional stress on plaintiff, when he after the school day approached plaintiff['s] vehicle driver side window, and state[d] that he had to put plaintiff['s] 10 year old daughter, . . . , in a manual hold. That he told Ms. Payne, he was going to tell plaintiff about the matter, violative [sic] Amend. 1st Rights to be peaceful; and Amend. 4-th [sic] rights to a just reason for physical harm to his child. Florida Cost. Art. 1 Sec. 3 & 12.")].

The Rules seek to avoid this level of inartful pleading to ensure orderly progression of cases. *See, e.g.*, *Gates v. Lee Cnty. Sheriff's Dep't*, No. 13-0445, 2013 WL 3353317, at *2 (M.D. Fla. July 2, 2013) (noting that the Rules require a plaintiff to "provide support in a statement of facts for the claimed violations and then state in separate numbered counts how [a defendant] violates [any] rights or laws"). Without facts tied to specific causes of action, Plaintiff's Amended Complaint cannot give Defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. And though Defendants have attempted to match Plaintiff's allegations with his legal theories, "[w]ith these deficiencies, there is no doubt that no [Defendants] to this action (let alone the Court) can reasonably know what the Plaintiff intends to allege." *Yakoub v. Tradewinds Airlines, Inc.*, No. 16-22244, 2016 WL 4264053, at *3 (S.D. Fla. Aug. 12, 2016) (citation omitted).

Accordingly, it is **ORDERED AND ADJUDGED**, that this action is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file a Second Amended Complaint within twenty (20) days. If Plaintiff's Second Amended Complaint fails to meet the appropriate standards under the Federal Rules of Civil Procedure, the Court shall dismiss this action with prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of January, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE